UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 05- 3:05-CV-262-S

**LEAMON LORNE OLIVER**                                       PLAINTIFF

v.

**SUN LIFE ASSURANCE COMPANY**
**OF CANADA**                                                 DEFENDANT

## NOTICE OF REMOVAL

The Defendant, Sun Life Assurance Company of Canada (hereinafter, "Sun Life"), hereby files this Notice of Removal to the United States District Court for the Western District of Kentucky, Louisville Division, stating as follows:

1. On April 1, 2005, the Plaintiff, Leamon Lorne Oliver, filed a Complaint against the Defendant, Sun Life, in the Jefferson County, Kentucky Circuit Court, and the Jefferson Circuit Court Clerk assigned the Complaint as Civil Action No. 05-CI-02964.

2. Sun Life was served with a copy of the Complaint on April 6, 2005.

3. A copy of the Complaint served upon Sun Life is attached hereto as Exhibit "A" and constitutes all of the process, pleadings and other papers served on Sun Life in this action.

4. This is a civil action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1001, et seq. which may be removed to this Court by the Defendant, Sun Life, pursuant to 28 U.S.C. § 1441, since it is founded on claims or rights arising under the Constitution, laws and treatises of the United States, in that Plaintiff seeks to claim and/or to enforce rights pursuant to and arising out of an employee welfare benefits plan, fund or

program established and/or maintained pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq.

5. The employee welfare benefit plan at issue in this action is one established or maintained by an employer, as defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., and Plaintiff purports to be a plan participant, or in the alternative, a beneficiary as defined by the Act.

6. This Notice of Removal is filed within thirty (30) days after receipt by the Defendant, Sun Life, of a copy of the Complaint that Plaintiff filed in the Jefferson Circuit Court and which was assigned Civil Action No. 05-CI-02964.

7. A Memorandum of Points and Authorities in Support of Defendant, Sun Life's right to remove this action is filed with this Notice of Removal and is incorporated by reference herein.

8. The date by which the Defendant, Sun Life is required to file an Answer or otherwise plead to the Complaint has not expired as of the date of the filing of this Notice of Removal.

9. Written notice of the filing of this Notice of Removal, and the Memorandum of Points and Authorities, was given to all parties by mailing them copies this 2nd day of May, 2005.

10. A true and accurate copy of the Notice of Removal will be sent for filing with the Jefferson Circuit Court Clerk.

**WHEREFORE**, the Defendant, Sun Life Assurance Company of Canada, gives notice of the removal of this action from the Circuit Court of Jefferson County, Kentucky to the United States District Court for the Western District of Kentucky at Louisville.

Respectfully submitted,

*/s/ Jeffrey C. Mando*
JEFFREY C. MANDO (#43548)
ADAMS, STEPNER,
WOLTERMANN & DUSING, PLLC
40 W. Pike Street
P.O. Box 861
Covington, Kentucky 41012-0861

Attorney for Defendant, Sun Life
Assurance Company of Canada

## CERTIFICATION

I hereby certify that a true and accurate copy of the foregoing was sent by U.S. mail, postage prepaid, this __2__ day of May, 2005 to:

Austin Mehr
Timothy Geertz
Austin Mehr Law Offices, P.S.C.
145 West Main Street, Suite 300
Lexington, KY 40507

*/s/ Jeffrey C. Mando*
JEFFREY C. MANDO

220872.1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 05- 3:05CV-262-S

**LEAMON LORNE OLIVER**  PLAINTIFF

v.

**SUN LIFE ASSURANCE COMPANY**
**OF CANADA**  DEFENDANT

---

**DEFENDANT, SUN LIFE ASSURANCE COMPANY**
**OF CANADA'S MEMORANDUM IN SUPPORT OF REMOVAL**

---

The Defendant, Sun Life Assurance Company of Canada (hereinafter, "Sun Life"), submits this Memorandum in Support of its Notice of Removal. Sun Life will demonstrate that the jurisdiction of this Court is properly invoked by the Notice of Removal on the following grounds.

1. There is a "federal question" in this action; and,

2. The Notice of Removal has been timely filed.

The applicable statute governing removal, 28 U.S.C. § 1441 provides in pertinent part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on the claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

Removal is therefore proper under 28 U.S.C. § 1441 where this Court has original subject matter jurisdiction of the action. Subject matter jurisdiction of this action is conferred by 28 U.S.C. § 1331, which states in pertinent part:

> "The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws or treatises of the United States."

This Court has original jurisdiction of this action because there is a federal question. As shown in the Notice of Removal, this Court has original jurisdiction under the provisions of 29 U.S.C. § 1332 in an action which may be properly removed to this Court by Sun Life, pursuant to the provisions of 28 U.S.C. § 1331 and 1441, in that Plaintiff alleges that he is entitled to recover benefits which Plaintiff claims were improperly denied under the terms of an employee welfare benefit plan available to him as an employee of Link-Belt Construction Equipment Company. Such benefits, if any be due to the Plaintiff, were provided pursuant to an employee welfare benefit plan, fund or program which was designed and intended to qualify under the requirements of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). The employee welfare benefit plan at issue in this matter is one established or maintained by Plaintiff's employer as defined by ERISA, and Plaintiff claims to be a beneficiary of the plan.

For the foregoing reasons, the Defendant, Sun Life Assurance Company of Canada, submits that this Court's removal jurisdiction is properly invoked in this action.

Respectfully submitted,

*/s/ Jeffrey C. Mando/*

JEFFREY C. MANDO (#43548)
ADAMS, STEPNER,
WOLTERMANN & DUSING, PLLC
40 W. Pike Street
P.O. Box 861
Covington, Kentucky  41012-0861

Attorney for Defendant, Sun Life
Assurance Company of Canada

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing was sent by U.S. mail, postage prepaid, this __2__ day of May, 2005 to:

Austin Mehr
Timothy Geertz
Austin Mehr Law Offices, P.S.C.
145 West Main Street, Suite 300
Lexington, KY  40507

*/s/ Jeffrey C. Mando/*

JEFFREY C. MANDO

220878.1